UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BANNIGER,<br><br>                    Plaintiff<br><br>     v.<br><br>PAUL DELBIANCO, *et al.*<br><br>                    Defendants. | CIVIL ACTION NO. 3:25-CV-00530<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court are motions to dismiss the complaint for failing to state a claim filed by Defendants in this action. (Doc. 22; Doc. 24). For the following reasons, the Court will grant the motion to dismiss filed by Medical Defendants and grant in part the motion to dismiss filed by Department of Corrections ("DOC") Defendants. The Court will dismiss all claims without prejudice except those claims raised against Defendant Wagman. The Court will also grant Plaintiff Anthony Banniger ("Banniger") an opportunity to amend his complaint.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Banniger, an inmate currently housed at the State Correctional Institution Frackville ("SCI-Frackville"), initiated this action by filing a complaint that was received and docketed by this Court on March 24, 2025 raising multiple claims under 42 U.S.C. § 1983. (Doc. 1). This complaint names the following thirteen defendants: (1) Paul Delbianco, M.D. ("DelBianco"); (2) Peter Baddick, M.D. ("Baddick"); (3) Malhi Raiender, Doctor ("Raiender"); (4) Malanie Wagman, LPN ("Wagman"); (5) Jacklyn Talasky, PA ("Talasky"); (6) Gabby Smith, Nurse ("Smith"); (7) William Knappenberger, RN

("Knappenberger"); (8) S. McCorkle, CHCA; (9) Bernard Maret, M.D. ("Maret"); (10) Mark Mascari, Physician ("Mascari"); (11) Kyle Mummey, LPN ("Mummey"); (12) J. Rivello, Warden/Facility Manager ("Rivello"); and (13) Gabrielle Smith, Nurse[1]. (Doc. 1, at 3-7). Banniger states that all the events in the complaint took place at SCI-Frackville and SCI-Huntingdon. (Doc. 1, at 8).

Banniger alleges that in September of 2022 while housed at SCI-Huntingdon, he began filing sick calls complaining about his feet because he was experiencing shooting pain up his legs to his lower back and interfering with his daily functions such as walking. (Doc. 1, at 9). On February 20, 2024, Banniger was seen at Advanced Orthopedics and Podiatry, where a doctor prescribed him foot gel, bone cushions, and stated that Banniger needed to be seen back in four to eight weeks for additional x-rays and to discuss surgery. (Doc. 1, at 9). He states that he was seen by Defendants Talasky, Smith, DelBianco, and Malhi who prescribed him medication the he alleges was not effective instead of following the prescribed treatment plan from Advanced Orthopedics and Podiatry. (Doc. 1, at 9).

Banniger alleges that he had x-rays done at SCI-Huntingdon that "did not come back normal at all," and Defendant Rivello's statements in the Facility Manager's response to his grievance was done to "cover up medical sadistic intentions and behavior." (Doc. 1, at 9). He states that Defendant DelBianco gave him a cane instead of following his prescribed treatment plan from Advanced Orthopedics and Podiatry. (Doc. 1, at 9).

---

[1] Defendants' waiver of service identified Gabby and Gabrielle Smith as the same individuals, bringing the total defendants to twelve. (Doc. 15).

Banniger states that he filed a grievance that got denied on February 6, 2024 and July 5, 2024 and a second grievance that was denied on July 11th and later accepted on December 24th. (Doc. 1, at 9).

Banniger states that five days later, he was transferred to SCI-Frackville, where he continued complaining and filing sick calls. (Doc. 1, at 9). He alleges that he was treated by Defendants Baddick, Mummey, and Knappenberger with medication that he had already taken and was ineffective and did not follow the prescribed treatment. (Doc. 1, at 9-10). He further alleges that Defendant Wagman discontinued the use of his cane. (Doc. 1, at 10).

Banniger states that while at SCI-Huntingdon and SCI-Frackville his foot consultation was denied by Defendants Maret, Mascari, and McCorkle. (Doc. 1, at 10).

Banniger states that he filed a grievance against all defendants listed in the complaint. (Doc. 1 at 10).

Based on these alleged facts, Banniger brings First Amendment retaliation claims and Eighth Amendment deliberate indifference to a series medical need claim[2]. (Doc. 1, at 11).

On June 30, 2025, the Court granted Banniger *in forma pauperis* status and ordered waiver of service forms be sent to Defendants. (Doc. 12). Defendants Talasky, Mascari. Baddic, Smith, Mummey, Delbianco, Raiender, and Maret (collectively known as the "Medical Defendants") returned a waiver of service form on July 14, 2025. (Doc. 15). Defendants McCurkle, Knappenberger, Rivello, and Wagman (collectively known as the "DOC Defendants") filed a waiver of service on July 31, 2025. (Doc. 17).

---

[2] A claim of deliberate indifference to a serious medical need falls under the cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Therefore, the Court does not view Banniger's claims of "deliberate indifference cruel and unusual punishment" as separate claims. (Doc. 1, at 11).

3

On September 8, 2025, Medical Defendants filed a motion to dismiss for failure to state a claim with a brief in support. (Doc. 22; Doc. 23). On September 29, 2025, DOC Defendants filed a motion to dismiss for failure to state a claim. (Doc. 24). DOC Defendants filed a brief in support on November 12, 2025. (Doc. 31). Banniger filed briefs in opposition to the pending motions in December of 2025. (Doc. 38; Doc. 40).

The Court will now address the pending motions to dismiss.

## II.   JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Frackville and SCI-Huntingdon, located in Schuylkill County and Cumberland County, Pennsylvania, both of which are in this district. *See* 28 U.S.C. § 118(b).

## III.   STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well

4

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for

which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**IV.    DISCUSSION**

The complaint in this case is filed under 42 U.S.C. § 1983. (Doc. 1, at 1). Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The two pending motions to dismiss argue the Benniger failed to state a claim under 42 U.S.C. § 1983 and seek a dismissal of the claims raised against all Defendants. (Doc. 22; Doc. 24).

A. MEDICAL DEFENDANTS' MOTION TO DISMISS

### 1. First Amendment Claims

Benniger raises First Amendment retaliation claims generally in his complaint. (Doc. 1, at 11). Therefore, the Court will treat this as raising retaliation claims against all Medical Defendants.

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015). A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone*, 780 F.3d at 191.

In his complaint, Benniger alleges that he filed a grievance that was denied on February 6, 2024 and July 5, 2024. (Doc. 1, at 9). He did not specify the individuals named as the subject of that grievance. Benniger also alleges that he has filed a grievance that was denied on July 11th and approved on December 24th and was then transferred to SCI-Frackville five days later. (Doc. 1, at 9). Again, he does not name the subject of this grievance. In his final factual allegation in the complaint, Benniger states that he filed a grievance against "the medical department on all defendant's listed in  complaint" for the First and Eighth Amendment claims. (Doc. 1, at 10).

Here, each alleged grievances associated with the Medical Defendants fails to state a retaliation claim. The first two grievances discussed do not identify the subject of the grievances. This Court has repeatedly refused to find a causal connection when the alleged perpetrator of the retaliatory activity was not the subject of the constitutionally protected activity. *See Calloway v. Bauman*, No. 2:20-cv-2337, 2022 WL 4357468, at *9 (M.D. Pa. Sep. 20, 2022) *citing Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010), *aff'd*, 565 F. App'x 126 (3d Cir. 2014); *also citing Evans v. Rozum*, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity). Additionally, there are no alleged facts to support the implied conclusion that these grievances resulted in retaliation in the form of Benniger being transferred to SCI-Frackville. Benniger makes no allegations that the Medical Defendants were part of the decision to have him transferred. Therefore, Benniger has failed to state a retaliation claim under the First Amendment and his claims will be dismissed without prejudice.

Turning to the final allegation, that Benniger filed a grievance against the whole medical department and all defendants named in the complaint, the Court finds that he has failed to allege any retaliatory action following the filing of this grievance. Therefore, this too fails to state a First Amendment claim, and Medical Defendants' motion to dismiss will be granted as to the First Amendment claims.

### 2. Eighth Amendment Claims

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle*, 429 U.S. at 104–05. To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979)). Mere disagreement over proper treatment does not state a claim upon which relief can be granted. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

10

Here, Benniger alleges that on February 20, 2024, the providers at Advanced Orthopedics and Podiatry prescribed him foot gel, bone cushions, and imaging four to eight weeks later. (Doc. 1, at 9). He alleges that Defendants Talasky, Smith, Delbianco, and Malhi failed to follow this prescribed treatment and that he filed a grievance alleging such that was denied on February 6, 2024. (Doc. 1, at 9). Here, the timing of Benniger's alleged grievance denial predates the date of the prescribed treatment. Therefore, there is an issue with timing and the required element of knowledge discussed in *Farmer*. By February 6, 2024, Defendants could not have followed a treatment plan that was prescribed on February 20, 2024. Therefore, all Eighth Amendment claims from treatment that predated the February 20, 2024 visit to Advanced Orthopedics and Podiatry will be dismissed without prejudice.

As to Defendants Baddick and Mummey, Benniger alleges that they gave him medication that he had already taken and was ineffective and did not follow the prescribed treatment. (Doc. 1, at 9-10). Benniger does not allege that these Defendants denied him treatment, but that he disagrees with the treatment he received. (Doc. 1, at 9-10). This is insufficient to state an Eighth Amendment deliberate indifference claim. *See Monmouth Cty. Corr. Inst'l Inmates*, 834 F.2d at 346.

Banniger states that while at SCI-Huntingdon and SCI-Frackville his foot consultation was denied by Defendants Maret and Mascari. (Doc. 1, at 10). Defendants allege that there is no evidence that these Defendants met Banniger. (Doc. 23, at 15-16). However, this Court is limited to considering the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. at 322. Furthermore, the Court is take the complaint's factual allegations as true when assessing the sufficiency of a complaint on a Rule 12(b)(6) motion.

11

*Burtch*, 662 F.3d at 221. Therefore, the Court cannot consider evidence as to whether or not these Defendants interacted with Banniger at this stage in litigation.

Turning to the facts alleged in the complaint: "[w]here at Huntingdon and Frackville they state that my foot consultation was denied by Bernard Maret, Mascari Mark and S. Mccorkle," the Court finds that Banniger has alleged a denial of medical care. (Doc. 10, at 10). However, he did not allege that Defendants Maret and Mascari had any knowledge of his allegedly serious medical need prior to denying his consultation. (Doc. 1, at 10). Therefore, Banniger has failed to state a claim for deliberate indifference to a serious medica need, and the claims will be dismissed without prejudice.

The Court finds that Banniger has failed to state a claim as to the Medical Defendants. Therefore, the Court will grant the Medical Defendants' motion to dismiss.

### B. DOC Defendants' Motion to Dismiss

As with Medical Defendants, Banniger has alleged First Amendment retaliation and Eighth Amendment deliberate indifference claims against DOC Defendants. (Doc. 1).

#### 1. First Amendment

As set forth above, Banniger does not specify who he raises the First Amendment retaliation claim against. Therefore, the Court will address any potential claims against all DOC Defendants.

First, Banniger alleges that Defendant Wagman discontinued the use of his cane "in retaliation to a previous situation I had with her and another C.O. who I had to put a grievance in on." (Doc. 1, at 10). This meets the factors of a First Amendment retaliation claim: (1) he participated in protected conduct by filing a grievance against Defendant Wagman; (2) he suffered an adverse action in the form of being deprived his allegedly medically necessary assistance device; and (3) the filing of the grievance was "a substantial or

motivating factor" for the adverse action. *See Rauser*, 241 F.3d at 333. While the factual allegations are sparse, they are sufficient to but Defendant Wagman on notice as the claim raised against her. *See Erickson*, 551 U.S. at 93-94. Therefore, this First Amendment claim will not be dismissed.

In contrast, the only potentially relevant claim as to the remaining DOC Defendants is Banniger's general allegation the he filed a grievance against the whole medical department and all defendants named in the complaint. (Doc. 1, at 10). Again, the Court finds that he has failed to allege any retaliatory action following the filing of this grievance. Therefore, this fails to state a retaliation claim and such claims raised against the remaining DOC Defendants will be dismissed without prejudice.

### 2. Eighth Amendment

DOC Defendants seek the dismissal of the Eighth Amendment deliberate indifference to a serious medical need claims. (Doc. 31).

Banniger alleges that Defendant Wagman discontinued the use of his cane. (Doc. 1, at 10). DOC Defendants do not challenge the Eighth Amendment claim against Wagman. (Doc. 31). Here, the alleged discontinuation of the cane without justification arguably meets the elements of an Eighth Amendment deliberate indifference claim as Banniger alleges that he had a serious medical need that was being treated with the use of a cane, and that cane was taken from him in retaliation. Therefore, the motion to dismiss will be denied as to the Eighth Amendment claim against Defendant Wagman.

As to the remaining DOC Defendants, Banniger alleges that he was treated by Defendant Knappenberger with medication that he had already taken and was ineffective and did not follow the prescribed treatment. (Doc. 1, at 9-10). He also alleges that while at SCI-

Huntingdon and SCI-Frackville his foot consultation was denied by Defendant McCorkle. (Doc. 1, at 9-10). These allegations are identical to those raised against Medical Defendants, which were dismissed above. For the same rationale, the Court will dismiss these claims against Defendants Knappenberger and McCorkle.

Banniger also alleges that he had x-rays done at SCI-Huntingdon that "did not come back normal at all," and Defendant Rivello made statements in the Facility Manager's response to his grievance in order to "cover up medical sadistic intentions and behavior." (Doc. 1, at 9). "Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir. 1988) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *see also Brooks v. Beard*, No. 05-3196, 2006 WL 332547, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). Banniger's allegation against Defendant Rivello is limited to his actions in reviewing a grievance. Therefore, the Court will grant DOC Defendants' motion to dismiss as to the claim against Defendant Rivello.

V.     CONCLUSION

For the reasons set forth above, the Court will grant Medical Defendants' motion to dismiss and dismiss all First Amendment retaliation and Eighth Amendment deliberate indifference claims against Medical Defendants without prejudice. The Court will grant DOC Defendants' motion to dismiss in part and deny it in part. The First Amendment retaliation claims and Eighth Amendment deliberate indifference claims against Defendants

14

Knappenberger, McCorkle, and Rivello will be dismissed without prejudice. The First Amendment retaliation claim and the Eighth Amendment deliberate indifference claim against Defendant Wagman for the discontinued use of the cane will not be dismissed.

The Court will grant Banniger an opportunity to amend his complaint pursuant to *Grayson*, 293 F.3d at 108. Any amended complaint will be titled "Amended Complaint," be filed under the above captioned case number, and raise all claims including those that survived the above motions to dismiss.

An appropriate order follows.

**Dated: February 18, 2026**                                              *s/ Karoline Mehalchick*
                                                                          **KAROLINE MEHALCHICK**
                                                                          **United States District Judge**